SCIARRA & CATRAMBONE, LLC
Jeffrey D. Catrambone (JC 2870)
jcatrambone@sciarralaw.com
1130 Clifton Avenue
Clifton, NJ 07013
(973) 242-2442
(973) 242-3118 [Facsimile]
*Attorney for Defendants Jeffrey Lancaster, Reynold Theriault, & Policemen's Benevolent Association Mainland Local 77 (pleaded as "Mainland Local PBA 77")*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER LEARY, | : CIVIL ACTION NO. |
| Plaintiff, | : 1:23-cv-04070-JHR-SAK |
| -v- | : |
| EGG HARBOR TOWNSHIP POLICE | : |
| DEPARTMENT, TOWNSHIP OF EGG | : |
| HARBOR, MAINLAND LOCAL PBA #77, | : |
| NEW JERSEY STATE ASSOCIATION OF | : |
| CHIEFS OF POLICE, STATE OF NEW | : |
| JERSEY, MICHAEL HUGHES, | : |
| individually and acting under | : |
| color of law, WILLIAM NALLY, | : *Oral Argument Requested* |
| individually and acting under | : |
| color of law, JEFFREY LANCASTER, | : |
| individually and acting under | : |
| color of law, REYNOLD THERIAULT | : |
| individually and acting under | : |
| color of law, DONNA L MARKULIC, | : |
| individually and acting under | : |
| color of law, JOHN and JANE | : |
| DOES 1-10, ABC CORPORATIONS, | : |
| and XYZ STATE ENTITIES, | : |
| Defendants. | : |
| | : |

## *BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM*

*Of Counsel and on the Brief:*
    *Jeffrey D. Catrambone (JC 2870)*

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL AND LEGAL ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

I.  Under the legal standard governing motions to dismiss for failure to state a
claim under Federal Rule of Civil Procedure 12(b)(6), this Court should grant
Defendants' motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.  Plaintiff's Complaint should be dismissed pursuant to the *Younger* Doctrine
in order to avoid interfering with Plaintiff's pending action before PERC. . . . .9

III.  Plaintiff's claims under the New Jersey Civil Rights Act ("NJCRA") and 42
U.S.C. §1983 contained in Counts III, VI, VIII, IX & X should be dismissed for
failure to state a claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

    A.     There exists no claim under the NJCRA for breach of duty of fair
representation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    B.     These Union Defendants are not state actors and Plaintiff fails to
plead sufficient facts giving rise to his conspiracy claim. . . . . . . . . . .17

    C.     Plaintiff has no constitutionally recognized property right in a
promotion to sergeant; thus, his failure to promote and due process
claims should be dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

IV.  Plaintiff's claims of breach of contract, breach of good faith and fair dealing,
breach of the CBA, as well as Plaintiff's claim of intentional infliction of
emotional distress, should likewise be dismissed.. . . . . . . . . . . . . . . . . . . . . .21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

## CASES:

Addiction Specialists, Inc. v. Twp. of Hampton,
    411 F.3d 399 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Buckley v. Trenton Sav. Fund Soc'y,
    111 N.J. 355 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

In re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

In re Crowley,
    193 N.J. Super. 197 (App. Div. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

Fahnbulleh v. Steneck,
    2018 WL 1610692 at (D.N.J. April 3, 2018). . . . . . . . . . . . . . . . . . . . . . . . 22

Felicioni v. Admin. Office of Courts,
    404 N.J. Super. 382 (App. Div. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . .16

Figueroa v. City of Camden,
    580 F.Supp.2d 390 (D.N.J. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . .17, 18

Fowler v. UPMC Shadyside,
    578 F.3d 203(3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Goldfarb v. Solimine,
    245 N.J. 326 (2021).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Grimes v. City of East Orange,
    285 N.J. Super. 154 (App. Div. 1995). . . . . . . . . . . . . . . . . . . . . . . .. . . . . .20

Hedges v. U.S.,
        404 F.3d 744 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hunterdon Central High School Bd. of Educ. v. Hunterdon Central High School Teachers' Ass'n,
        174 N.J. Super. 468 (App. Div. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . .13

International Ass'n of Firefighters, Local 1197 v. Twp. of Edison,
        2013 WL 396152 (D.N.J. January 31, 2013). . . . . . . . . . . . . . . . . . . . . . . . 11

Johnson v. Int'l Bhd. Of Teamsters, Local 830,
        256 Fed.Appx. 481 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Kaczmarek v. N.J. Turnpike Authority,
        77 N.J. 329 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Kaminski v. Twp. of Toms River,
        595 Fed.Appx. 122 (3d Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Lauren W. ex rel. Jean W. v. DeFlaminis,
        480 F. 3d 259 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Local 54 Patrolman's Benevolent Ass'n v. Fontoura,
        2007 WL 4165158 (D.N.J. November 19, 2007). . . . . . . . . . . . . . . . . . . . . 11

Local 194, International Federation of Professional and Technical Engineers, AFL-CIO v. New Jersey Turnpike Authority,
        2011 WL 1547473 (D.N.J. April 21, 2011). . . . . . . . . . . . . . . . . . . 11,12,13,14

Mayer v. Belichick,
        605 F.3d 223 (3d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

O'Neill v. City of Philadelphia,
        32 F.3d 785 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Phillips v. Cty. of Allegheny,
        515 F.3d 224 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Pollock v. City of Ocean City,
        968 F.Supp. 187 (D.N.J. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

Schall v. Joyce,
    885 F.2d 101 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 13

Schroder v. Kiss,
    74 N.J. Super. 229 (App. Div. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
    551 U.S. 308 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Younger v. Harris,
    401 U.S. 37 (1971). . . . . . . . . . . . . . . . . . . . .1,9, 10, 11, 12, 13, 14, 15, 16, 21

**RULES:**

Civ. Rule 7.1 & 12.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

**STATUES:**

N.J.S.A. 10:6-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

N.J.S.A. 10:6-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,15,16

N.J.S.A. 34:13A-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 15

N.J.S.A. 34:13A-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.J.S.A. 34:13A-5.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

N.J.S.A. 34:13A-5.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,12,15

N.J.S.A. 34:13A-5.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,10, 12, 15, 16

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2,15,17,18

**PERC**:

State of New Jersey (DCA), D.U.P. No. 2018-7, 44 NJPERC 321 (¶90 2018) . . 22

## **PRELIMINARY STATEMENT**

This Brief is filed on behalf of Defendants Jeffrey Lancaster, Reynold Theriault, & Policemen's Benevolent Association Mainland Local 77 (pleaded as "Mainland Local PBA 77") (collectively, "Defendants") in support of our Rule 12(b)(6) motion in lieu of answer to dismiss Plaintiff's Complaint for failure to state a claim.

In his Complaint, Plaintiff Christopher Leary ("Plaintiff") alleges facts and seeks relief that he is concurrently seeking from the New Jersey Public Employment Relations Commission ("PERC"), thereby requiring that Plaintiff's Complaint be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).  Further, Plaintiff's Complaint fails to plead any facts that could support his claims against these Defendants.  Instead, Plaintiff's allegations are mere generalizations and broad conclusions insufficient to survive a motion to dismiss for failure to state a claim. Thus, this Court should grant Defendants' motion and dismiss Plaintiff's Complaint against these Defendants.

## **FACTUAL AND LEGAL ALLEGATIONS**

Plaintiff's ten-count Complaint filed with this Court on July 30, 2023 (Defendants' *Exhibit A*) alleges the following causes of action:

Count I:  Breach of Contract;

Count II:  Breach of Covenant of Good Faith and Fair Dealing

Count III:  Breach of Duty of Fair Representation under the New Jersey Civil Rights Act ("NJCRA"), *N.J.S.A.* 10:6-2c & e and the Employer-Employee Relations Act,  *N.J.S.A.* 34:13A-5.4 and 5.3;

Count IV:  Intentional Infliction of Emotional Distress;

Count V:  Hostile Work Environment/ Retaliation;[1]

Count VI:  Conspiracy;

Count VII:  Breach of Collective Bargaining Agreement;

Count VIII:  Failure to Promote under the NJCRA;

Count IX:  Breach of Duty of Fair Representation under the NJCRA;

Count X: Violation of Civil Rights under 42 U.S.C. §1983.

Plaintiff's factual allegations relevant to these Defendants are as follows. Plaintiff is an employee of the Egg Harbor Township Police Department and a member of Defendant Mainland Local PBA #77 policemen's union ("PBA 77"). (Ex. A at ¶1,4).  He has been a police officer for the Township since 2003, for approximately 20 years.  (Id. at ¶30).  Defendant Jeffrey Lancaster is the President of PBA 77 and Defendant Reynold Theriault is its Business Agent.  (Id. at ¶9-10).

Plaintiff's claims arise out of a promotional process for the police rank of Sergeant for Egg Harbor Township in which Plaintiff was a candidate and participated in September 2022.  (Id. at ¶31).  Plaintiff took the written promotional exam on September 9, 2022 and the oral portion of the exam on September 21, 2022.

---

[1]      Count Five is not directed at these Defendants.

(Id. at ¶32-33).  At the conclusion of the promotional exams, Plaintiff was only provided with his numeric scores.  (Id. at ¶34).

Pursuant to the Collective Bargaining Agreement ("CBA") between the Township and PBA 77, "Plaintiff is entitled to see his own tests, grades and evaluations within the 14 days of the posting".  (Id. at ¶35).  Specifically, the CBA provides at Article XXVI ("Promotions"), paragraph F that "[a]ll Police Officers who take the test will be allowed to see their own tests and the grades received after the official results are announced and posted, within 14 days of the posting".  (Id. at ¶36).

Per the CBA, a "Step One" Grievance is the making a formal complaint in an attempt to resolve an issue and "an earnest effort shall be made to settle the difference between the aggrieved Police Officer and the Chief of Police or his/her designated representative for the purpose of resolving the matter informally".  (Id. at ¶37-38).  Plaintiff advised PBA 77 and the Police Department that he had not been given an opportunity to review his tests scores per the CBA and would like to do so. (Id. at ¶39).

On October 10, 2022, Plaintiff initiated a "Step One" Grievance by emailing Defendant Police Chief Michael Hughes inquiring if Plaintiff could receive a copy of his promotional test and scores. (Id. at ¶19,40).  Plaintiff followed up his request

on October 12, 2022 after not receiving a response to his October 10th request; the October 12th request was also ignored.  (Id. at ¶20,41-43).

On October 31, 2022, Plaintiff submitted a "Step Two" Grievance formally requesting to see a copy of his examination tests and scores; Chief Hughes denied Plaintiff's request on November 22, 2022.  (Id. at ¶21-22,44).  On that same date Plaintiff submitted a formal "Step Three" Grievance that Defendant Township Administrator Donna Markulic denied in writing on January 30, 2023.  (Id. at ¶23-24,47,50).

According to Plaintiff, as of in or around November 2022, "the Sergeant's promotions were finalized despite (upon information and belief) multiple active, unresolved grievances; including, but not limited to Plaintiff's, regarding the administration and overall skewed procedure of the promotional process".  (Id. at ¶48).

In denying Plaintiff's Step Three Grievance, the Township purportedly found that while the right to review promotional tests exists, that contradicts the policy and testing contract of Defendant New Jersey State Association of Chiefs of Police.  (Id. at ¶51).  The Township's denial also states that "the delay of the Chief of Police to address or remedy the grievances within the fourteen (14) day window was clearly due to the fact that he had no recourse or ability to do it".  (Id. at ¶52).

On or about January 30, 2023 Plaintiff informed "the Union" that he wanted to pursue arbitration for his grievance but was denied. (Id. at ¶25). Plaintiff alleges that PBA 77 "refused to follow through with arbitration; thereby having wrongfully and intentionally conspired with and abetted the other Defendants in depriving Plaintiff of his statutory and constitutional rights". (Id. at ¶53). Plaintiff alleges that Defendant Lancaster, President of PBA 77, failed to fairly represent Plaintiff during the grievance process by refusing to bring this issue to arbitration. (Id. at ¶64).

Plaintiff also asserts that PBA 77 President Lancaster, Business Agent Theriault, and Police Chief Hughes "conspired to make sure Plaintiff's Grievance did not proceed to arbitration", but does not explain how they did so or provide any facts that would evidence any conspiracy. (Id. at ¶65). Plaintiff alleges, without any factual support, that Defendants [a] conspired to conceal inconsistencies and contractual violations inherent in the promotional process, [b] his issues should have been brought to arbitration, and [c] Defendants in some way conspired to make the promotional process "unfair". (Id. at ¶66-68).

Plaintiff also nebulously alleges that "[u]pon information and belief, the test was administered unfairly and/or the scores *may have been* altered; however, due to Unfair Practices by the Union and EHT PD, Plaintiff was intentionally kept in the dark and pushed away from what he is rightfully entitled to per the agreement: his own test". (Id. at ¶56) (emphasis added). Plaintiff vaguely alleges that Defendants

interfered with his Constitutional and statutory rights "using intimidation and coercion", but provides no facts or examples of any purportedly intimidating or coercive acts.  (Id. at ¶57).

Plaintiff also alleges, again without specificity, that other officers previously sought to review their scores, were denied, and were "afraid to file any grievances". (Id. at ¶59).  Plaintiff further alleges that Defendants collectively conspired to keep the information regarding the promotional testing "hidden and in secret" and "conspired to keep the information away from officers so that they can promote and not promote who they want, and based on reasons other than merit".  (Id. at ¶60).

According to Plaintiff, "upon information and belief, officers with *similar* examination scores to Plaintiff were promoted, despite their lack of seniority or experience in comparison to Plaintiff.  Those officers *may have been friends with Defendants* and thus, were promoted".  (Id. at ¶61).  Plaintiff also alleges that promotional decisions "were not made impartially and test scores were intentionally skewed to meet Defendants' desired outcome for who will be promoted".  (Id. at ¶62).  Notwithstanding the lack of any specific examples or facts to support Plaintiff's mere speculation about what "may" have been Defendants' motivation and what he considers to be "similar" test scores, Plaintiff alleges that "most" of the promotional decisions were made by Chief Hughes, not Defendants PBA 77, President Lancaster or Business Agent Theriault.  (Id. at ¶63).

6

On July 28, 2023, Plaintiff filed an Unfair Labor Practice charge as Petitioner with the New Jersey Public Employment Relations Commission ("PERC") against the Township's Police Department and PBA 77.  (Defendants' *Exhibit B*).  The Unfair Practice Charge form ("UPC") filed by Plaintiff specifically names PBA 77, Lancaster and Theriault as parties.  (Id. at 4).  The allegations contained in the UPC mirror the allegations contained in Plaintiff's Complaint, as outlined above, including:  [1] the test for the promotional process was administered unfairly and scores *may* have been altered; [2] others with *similar* test results were promoted instead of Plaintiff; [3] Chief Hughes made most of the promotional decisions; [4] Plaintiff attempted to review his test scores and was denied that opportunity; [5] Plaintiff's Step Three Grievance was improperly denied; [6] PBA 77, Lancaster and Theriault failed to bring that issue to arbitration; & [7] the three union Defendants in this matter engaged in a conspiracy and breached the duty of fair representation and engaged in a conspiracy.  (Id. at 4-5).

## **LEGAL ARGUMENT**

### **I.      Under the legal standard governing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court should grant Defendants' motion.**

In lieu of filing an Answer to a pleading a defendant can file a motion asserting various defenses. Fed. R. Civ. P. 12(b)(6); Civ. Rule 7.1 & 12.1. A defense that must be asserted prior to a responsive pleading is dismissal of a Complaint, in whole or in

part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

When deciding a motion to dismiss for failure to state a claim, the Court must accept "all the factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, Plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) *quoting* Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The claim of relief must be above a speculative level and be plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A blanket assertion of entitlement to relief is not sufficient. Cty. of Allegheny, 515 F.3d. at 233. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *quoting* Twombly, 550 U.S. at 557. The facts pled in the complaint must allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 566 U.S. at 678.

Although the Court must accept as true all the allegations in the complaint, this tenant is inapplicable to legal conclusions. Id. Whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." Id. When deciding a Rule 12(b)(6) motion to dismiss the court must consider the complaint, exhibits attached to the complaint, matters of public record, documents incorporated into the complaint by reference, and matters of which the court may take judicial notice. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  This Court has noted as follows:

> In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  'Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) '[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.' Id. (emphasis in original) (other citations and quotations omitted).

Thus, for the purposes of this motion, we respectfully submit that this Court may consider Plaintiff's PERC Complaint and Unfair Practice Charge filed against Defendants two days prior to Plaintiff filing his Complaint with this Court.  (See Defendants' Ex. B).

## II.   Plaintiff's Complaint should be dismissed pursuant to the Younger Doctrine in order to avoid interfering with Plaintiff's pending action before PERC.

This Court should abstain from hearing Plaintiff's claims based upon the pending action before PERC, outlined supra, pursuant to the doctrine established by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971).

The Third Circuit has held that District Courts have "discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).

In Kaczmarek v. N.J. Turnpike Authority, 77 N.J. 329 (1978), the New Jersey Supreme Court noted the statutory purpose of the Employer-Employee Relations Act and PERC's exclusive power to preside over charges of unfair labor practices:

> The "New Jersey Employer-Employee Relations Act", N.J.S.A. 34:13A-1 Et seq. (hereinafter "the Act"), is a comprehensive legislative scheme promulgated to serve the best interests of the people of the State by the prevention or prompt settlement of labor disputes. N.J.S.A. 34:13A-2. The Act provides, Inter alia, for a "Public Employment Relations Commission", N.J.S.A. 34:13A-5.2, which is given "exclusive power to prevent anyone from engaging in any unfair practice", N.J.S.A. 34:13A-5.4[c], as enumerated in N.J.S.A. 34:13A-5.4[a] (unfair practices of employers) and N.J.S.A. 34:13A-5.4[b] (unfair practices of employee organizations). A person aggrieved by an unfair practice is authorized to file a "charge" with PERC, whereupon PERC must commence the appropriate administrative proceedings to resolve the controversy. 77 N.J. at 336-37.

The three requirements for Younger abstention are "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Addiction Specialists, 411 F.3d at 408. Even if these requirements are met, abstention is not appropriate where the plaintiff makes a

showing of bad faith, harassment, or some other extraordinary circumstance, "such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Schall v. Joyce, 885 F.2d 101,106 (3d Cir. 1989).

Here, the three elements of Younger abstention are met. Two days before filing his Complaint in this Court, Plaintiff filed a complaint and unfair practice charge with PERC wherein he raises the same issues against these Defendants as those asserted in this lawsuit. This Court has held that actions brought before PERC are adjudicatory in nature, thereby satisfying the first element required for Younger abstention. Local 194, International Federation of Professional and Technical Engineers, AFL-CIO v. New Jersey Turnpike Authority, 2011 WL 1547473 (D.N.J. April 21, 2011) at *3; International Ass'n of Firefighters, Local 1197 v. Twp. of Edison, 2013 WL 396152 (D.N.J. January 31, 2013) at *6.

As to the second element, this Court has recognized that "PERC proceedings implicate important state interests." Id. at *5; see also Local 54 Patrolman's Benevolent Ass'n v. Fontoura, 2007 WL 4165158 (D.N.J. November 19, 2007) at *4 (recognizing State's interest in utilizing PERC to adjudicate labor disputes). In ruling that proceedings before PERC satisfy the second elements of a Younger analysis, this Court reasoned as follows:

11

New Jersey has established a comprehensive statutory and regulatory scheme to govern labor and personnel matters for public employees. *See* N.J. Stat. Ann. §§34:13A-1 *et seq*. The New Jersey Employer–Employee Relations Act (the "Act") authorizes PERC to "make policy and establish rules and regulations concerning employer-employee relations in public employment relating to dispute settlement, grievance procedures and administration including enforcement of statutory provisions concerning representative elections and related matters and to implement fully all the provisions of" the Act. *Id.* at § 34:13A–5.2. Section 5.4(c) of the Act grants PERC the adjudicatory power to prevent unfair practices specified in §§ 5.4(a) and (b), and § 5.4(d) gives PERC the authority to determine whether a contract proposal lies within the scope of collective negotiations. This framework evidences New Jersey's substantial interest in labor-management relations, particularly in matters involving public employees, like the plaintiffs in this case. <u>Local 194</u>, *supra*, at *5.

Notably, Plaintiff's Complaint alleges violations of specific provisions of the New Jersey Employer-Employee Relations Act, <u>N.J.S.A.</u> 34:13A-1 *et seq*., including sections 5.3 and 5.4 (<u>see</u> Ex. A at Count III), which this Court also cited above in ruling that PERC proceedings pursuant to that statute invoke <u>Younger</u> abstention. This Court specifically held as follows:

Federal involvement in this case would clearly interfere with the State's interest in regulating public employment matters, as while the federal courts have a continuing obligation to protect the speech and association rights of all citizens, the states share this obligation, and our federalism counsels that the states should be free to oversee matters of uniquely local concern. To interfere with the State's operation in this area would be to engage in the sort of judicial action that *Younger* and its progeny explicitly prohibit. *Thus, considering the generic importance of the proceedings to the State of New Jersey in light of the considerations of comity that underlie the Younger doctrine, the Court concludes that the PERC proceedings implicate important state interests and that Defendants have therefore satisfied the second*

*element of the analysis.* Local 194, *supra*, at *5 (emphasis added) (other citations and quotations omitted).

The third element of the Younger abstention analysis "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." O'Neill v. City of Philadelphia, 32 F.3d 785, 792 (3d Cir. 1994). It is Plaintiff's burden to establish that state procedural law bars presentation of his constitutional claims in an administrative action before PERC. See Schall, 885 F.2d at 107. "When a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence unambiguous authority to the contrary." O'Neill, 32 F.3d at 792 (other citation omitted).

Directly relevant to this matter, the New Jersey Appellate Division has reasoned, and this Court has recognized in Local 194, *supra*, at *6, "PERC's delegated authority is broad enough to enable it to apply laws other than that which it administers, and should be construed so as to permit the fullest accomplishment of the legislative intent." Hunterdon Central High School Bd. of Educ. v. Hunterdon Central High School Teachers' Ass'n, 174 N.J. Super. 468, 475 (App. Div. 1980) (holding that PERC did not exceed its authority in resolving the issue before it on a constitutional ground). This Court noted as follows in Local 194, at *6:

13

The court reasoned [in *Hunterdon*] that while administrative agencies are typically barred from passing on the constitutionality of legislation, PERC acted within its power in adjudicating a constitutional issue that was necessary to deciding matters within the agency's statutory authority and thus "germane" to the proceedings before it. *Since Hunterdon*, *it has become well settled that PERC may decide constitutional questions that are necessary to adjudicate the statutory questions before it.* (emphasis added).

Additionally, even if Plaintiff argues that he does not raise any constitutional issues before PERC, which is nonetheless not the case based upon the similarity of the claims before this Court and PERC, "the relevant inquiry under *Younger*, however, is not whether a plaintiff in fact presents his constitutional claims to the state agency, but whether state procedural law *bars* presentation of any such claims." Id. at *7.  "Simply because Plaintiffs do not intend to raise a constitutional issue does not imply that one could not be raised, and under Younger Plaintiffs bear the burden of demonstrating that the latter, not the former, is true." Ibid.

Because the three elements of *Younger* abstention are satisfied here, and because Plaintiffs do not plead any facts that could in any way demonstrate an exception to *Younger* based upon bad faith, harassment, or some other extraordinary circumstance, Plaintiff's Complaint should be dismissed based upon the pending PERC proceedings.

14

**III.    Plaintiff's claims under the New Jersey Civil Rights Act ("NJCRA") and 42 U.S.C. §1983 contained in Counts III, VI, VIII, IX & X should be dismissed for failure to state a claim.**

In his Complaint Plaintiff makes various claims for constitutional violations under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.* in Counts III, VIII & IX, and under 42 U.S.C. §1983 in Count X.   Plaintiff's Complaint also contains a separate count for "conspiracy" in Count VI.    In addition to Younger abstention, which provides a distinct basis to dismiss Plaintiff's Complaint as outlined in Point II, *supra*, Plaintiff's NJCRA and §1983 claims should also be dismissed based upon Plaintiff's Complaint failing to plead sufficient facts to support those claims under the law cited *infra*.

**A.    There exists no claim under the NJCRA for breach of duty of fair representation.**

First, Plaintiff makes a claim under the NJCRA for "breach of duty of fair representation" against Defendants PBA 77 and its President and Business Agent. (See Complaint, Ex. A at Counts III & IX).  No such claim exists under the law. Instead, Plaintiff's claims of violations of the Employer-Employee Relations Act, N.J.S.A. 34:13A-1 *et seq.*, and specifically sections 5.3 & 5.4 which Plaintiff cites in his Complaint at Count III,  are properly before PERC pursuant to Plaintiff's pending Unfair Practice Charge.  (See Defendants' Ex. B).

The NJCRA specifically provides for protections of rights, privileges and immunities secured by the New Jersey Constitution and specifically provides for a

cause of action for any deprivation, interference or other violation of those rights. See N.J.S.A. 10:6-2. Additionally, an action brought pursuant to the Act is to be filed in New Jersey Superior Court. N.J.S.A. 10:6-2d. Courts have recognized two types of claims under the CRA: first, a claim for when one is "deprived of a right," and, second, a claim for when one's "rights are interfered with by threats, intimidation, coercion, or force." Felicioni v. Admin. Office of Courts, 404 N.J. Super. 382, 400 (App. Div. 2008).

Defendants recognize that Article I of the New Jersey Constitution provides at paragraph 19 the right of public employees to seek redress for grievances. However, Plaintiff can cite to no authority for the proposition that an individual has a specific constitutional right to fair representation by his or her union. That is instead properly the subject of an unfair labor practice charge before PERC. Plaintiff sought that remedy two days before filing his Complaint in this Court, thereby invoking Younger abstention as outlined in Point II, *supra*. Plaintiff is not entitled to two bites at the apple.

N.J.S.A. 34:13A-5.4c specifically provides that PERC has exclusive authority to address an unfair practice such as that alleged by Plaintiff here, presumably under subsection b of that statute which addresses interference with rights provided by the Employer-Employee Relations Act. Plaintiff should not be permitted to shoehorn

his PERC claim into a NJCRA violation, as no legal authority exists for such a claim.

Thus, Counts III and IX of Plaintiff's Complaint should be dismissed.

**B.      These Union Defendants are not state actors and Plaintiff fails to plead sufficient facts giving rise to his conspiracy claim.**

In a claim brought under §1983 "a plaintiff must allege the violation of a right

secured by the Constitution and the laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law."

Figueroa v. City of Camden, 580 F.Supp.2d 390, 401 (D.N.J. 2008).  "The color of

state law element is a threshold issue; there is no liability under §1983 for those not

acting under color of law."  Ibid.

"As a preliminary matter, it is generally accepted that unions are not state

actors for the purposes of §1983."  Ibid., citing Johnson v. Int'l Bhd. Of Teamsters,

Local 830, 256 Fed.Appx. 481, 483 (3d Cir. 2007) ("[L]abor unions are generally

not state actors-they are private entities.").  An exception arises "when the unions

have affirmatively conspired with the state to deprive a plaintiff of his rights."

Figueroa, 580 F.Supp.2d at 401.

In dismissing the plaintiff's complaint in Figueroa, this Court noted, as is the

case here, "the complaint offer[s] only conclusory allegations concerning an alleged

conspiracy among the defendants."  Id. at 402.  This Court further reasoned as

follows:

> *To make out a §1983 conspiracy claim, the plaintiff must make specific*
> *factual allegations of a combination, agreement, or understanding*

*among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right.  Furthermore when the unions and the state are in an adversarial position, as they are in the present case by representing the firefighters in employment negotiations, such conclusory allegations of conspiracy ring especially hollow.*  Ibid. (other citations and quotations omitted) (emphasis added).

This Court in Figueroa also noted that the Third Circuit in Johnson, *supra*, affirmed the dismissal of §1983 claims arising from a union's refusal to pursue a grievance on behalf of union members because the plaintiff failed to plead facts "suggesting that the state was responsible for the Union or that the Union was acting under color of state law." 256 Fed.Appx. at 483.

Here, as was the case in Figueroa, Plaintiff pleads no facts indicating a connection between the PBA 77 Defendants and the Township Defendants and thus that these Defendants were acting under color of state law.  580 F.Supp.2d at 402. Nor does the complaint contain *specific allegations*, as is required, to support a claim that PBA 77, President Lancaster or Business Agent Theriault conspired with Chief Hughes, who Plaintiff alleges made "most" promotional decisions, or any other agent of the Township.  Ibid.

Plaintiff merely asserts, in conclusory fashion, that Lancaster, Theriault, and Hughes "conspired to make sure Plaintiff's Grievance did not proceed to arbitration," but fails to explain how they did so or provide any facts that would evidence any conspiracy.  Plaintiff alleges, without any factual support, that

18

Defendants [a] conspired to conceal inconsistencies and contractual violations inherent in the promotional process, [b] his issues should have been brought to arbitration, and [c] Defendants in some way conspired to make the promotional process "unfair" and promote who they wanted.  Plaintiff also makes nebulous and speculative claims that test results "may" have been altered and officers with "similar" test scores were promoted instead of Plaintiff.

These bare allegations lacking any specific factual support are insufficient to state a claim for conspiracy as pleaded in Count VI of Plaintiff's Complaint.  Thus, that claim, and in turn all of Plaintiff's NJCRA and §1983 claims, should be dismissed.

**C.    Plaintiff has no constitutionally recognized property right in a promotion to sergeant; thus, his failure to promote and due process claims should be dismissed.**

Plaintiff's Complaint alleges failure to promote under the NJCRA in Count VIII and violation of due process under §1983 in Count X.  Plaintiff's Complaint sufficiently states a claim for neither.

A cognizable 'failure to promote' claim under the NJCRA or §1983 arising from alleged retaliation for the exercise of a constitutional right involves the following test: [1] whether the plaintiff engaged in protected activity; [2] whether the defendant's retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his/her rights; and [3] whether there was a causal

connection between the protected activity and the retaliation.  Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F. 3d 259, 267 (3d Cir. 2007).  Under this analysis, there are three separate elements:  constitutionally protected activity, followed by an adverse employment action (such as a failure to promote), and a causal connection between the two.

This case does not fit into that framework, nor could it.  Instead, Plaintiff here claims that he had a constitutionally protected interest in a promotion to sergeant or, more specifically, a fair promotional process.  Per the relevant case law cited below, no such right exists.

This Court has held that a police officer who successfully passes a promotional exam and is placed on an eligible list does not thereby gain a vested right to a promotion sufficient to establish a property interest under New Jersey law. Pollock v. City of Ocean City, 968 F.Supp. 187, 190 (D.N.J. 1997).  This is consistent with New Jersey state case law addressing this issue.  See In re Crowley, 193 N.J. Super. 197 (App. Div. 1984); Grimes v. City of East Orange, 285 N.J. Super. 154, 164 (App. Div. 1995); Schroder v. Kiss, 74 N.J. Super. 229, 240 (App. Div. 1962) (the only interest that results from placement on an eligible list is that the candidate will be considered for an applicable position so long as the eligible list remains in force).  The Third Circuit has similarly held that municipal police officers lacked a constitutionally protected property interest in a "fair and unbiased

promotional examination" and the procedures in the promotional process did not violate the plaintiffs' due process rights.  Kaminski v. Twp. of Toms River, 595 Fed.Appx. 122, 125-26 (3d Cir. 2014).

Plaintiff has no constitutionally protected property interest in a promotion to sergeant or, as the Court noted in Kaminski, "an entitlement to a promotional examination with features amounting to plaintiff's concept of what is 'fair.'" Accordingly, Plaintiff has failed to state a claim for failure to promote or violation of due process under §1983 and the NJCRA.  Hence, those claims should be dismissed.

## IV.   Plaintiff's claims of breach of contract, breach of good faith and fair dealing, breach of the CBA, as well as Plaintiff's claim of intentional infliction of emotional distress, should likewise be dismissed.

The elements of a breach of contract claim are as follows: (1) the parties entered into a contract containing certain terms; (2) the plaintiff did what the contract required the plaintiff to do; (3) the defendant did not do what the contract required them to do, which constitutes a breach of the contract; and (4) the defendant's breach, or failure to do what the contract required, caused loss to the plaintiff. Goldfarb v. Solimine, 245 N.J. 326, 338 (2021).

As outlined *supra*, Plaintiff elected his remedy and his claims alleging breach of the Collective Bargaining Agreement are properly before PERC.  Those claims pleaded in Counts I, II, and VII of Plaintiff's Complaint should be dismissed under

<u>Younger</u>.   Further, Plaintiff's Complaint cites to no provision of the CBA that requires PBA 77 to arbitrate the subject grievance on behalf of Plaintiff in this case, to resolve the issue of a candidate's ability to review his or her testing materials, or to convince the Township to tailor the sergeant's promotional process to Plaintiff's liking.   Under the law governing PERC, a union such as PBA 77 is under no obligation to process every grievance presented by a union member and is not obligated to pursue arbitration over every grievance that is processed.  <u>See State of New Jersey (DCA)</u>, D.U.P. No. 2018-7, 44 <u>NJPERC</u> 321 (¶90 2018).

Lastly, Plaintiff's Complaint fails to allege any facts sufficient to state a claim for intentional infliction of emotional distress as pleaded in Count IV of Plaintiff's Complaint.  The elements of that claim under New Jersey law are as follows: [1] the defendant acted intentionally; [2] the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'; [3] the defendant's actions proximately caused the plaintiff's emotional distress; and [4] the emotional distress was so severe that no reasonable person could be expected to endure it.  <u>Buckley v. Trenton Sav. Fund Soc'y</u>, 111 N.J. 355, 366 (1988).   This Court has noted that "New Jersey courts have found that the emotional distress must meet an 'elevated threshold' which is only satisfied in 'extreme cases.'"   <u>Fahnbulleh v. Steneck</u>, 2018 WL 1610692 at *11 (D.N.J. April 3, 2018).

Here, Plaintiff's claims against these Defendants arise out of an alleged failure to arbitrate a grievance and alleged issues related to a promotional process overseen by the Township, not PBA 77, its President or its Business Agent.  Plaintiff has not, and cannot, allege any specific facts that would give rise to any conduct by these Defendants that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community".  Thus, the Court should dismiss Plaintiff's claim for intentional infliction of emotional distress.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim should be granted.

Respectfully submitted,
**Sciarra & Catrambone, LLC**
*Attorneys for Defendants Mainland Local PBA #77, Lancaster & Theriault*

By:   /s/ Jeffrey D. Catrambone (JC 2870)

Dated: October 5, 2023

23