**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey 07962-1997
(973) 538-4006
Vito A. Gagliardi, Jr., Esq.
vagagliardi@pbnlaw.com
David L. Disler, Esq.
dldisler@pbnlaw.com
Weston J. Kulick, Esq.
wjkulick@pbnlaw.com
Attorneys for Defendants New Jersey State Association of Chiefs of Police and
William Nally

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER LEARY,<br><br>               Plaintiff,<br><br>     *v.*<br><br>EGG HARBOR TOWNSHIP POLICE DEPARTMENT, THE TOWNSHIP OF EGG HARBOR, MAINLAND LOCAL PBA #77, NEW JERSEY STATE ASSOCIATION OF CHIEFS OF POLICE, STATE OF NEW JERSEY, MICHAEL HUGHES, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, WILLIAM NALLY, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, JEFFERY LANCASTER, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, REYNOLD THERIAULT, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW DONNA L. MARKULIC, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, JOHN AND JANE DOES 1-10, ABC | Civil Action No.: 1:23-cv-04070-JHR-SAK<br><br>Document Electronically Filed |

CORPORATIONS, AND XYZ STATE
ENTITIES.

                    Defendants.

---

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS, NEW JERSEY
STATE ASSOCIATION OF CHIEFS OF POLICE AND WILLIAM NALLY,
TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

Of Counsel:

Vito A. Gagliardi, Jr., Esq.
David L. Disler, Esq.

On the Brief:

Weston J. Kulick, Esq.

7494286

## PRELIMINARY STATEMENT

Defendants NJSACOP and Chief William Nally move to dismiss this Complaint under Federal Rule of Civil Procedure 12(b)(6) because the claims asserted against them are factually and legally frivolous. NJSACOP and its employee, Chief Nally, find themselves ensnared in the crosshairs of an employment dispute between Plaintiff and his employer, Egg Harbor Township Police Department, and his Union, over their alleged interference with Plaintiff's attempts to obtain promotion to a Sergeant position. But the NJSACOP is merely a vendor procured by Plaintiff's employer for the purpose of utilizing a standardized package of questions and scenarios for police officer promotional examinations developed by NJSACOP. Guesswork, speculation, supposition, and aspersions, not "well-pleaded" facts, are the loose foundation of the Complaint against NJSACOP and Chief Nally; this is insufficient as a matter of law to sustain a Complaint against them.

Plaintiff asserts that he was denied the opportunity to review his personal test and grades in connection with the promotional examination for a Sergeant position, but this has nothing to do with NJSACOP, which merely created the test used by Plaintiff's employer. Plaintiff claims this request is permissible in accordance with the collective bargaining agreement between his Union and Egg Harbor Township. After the Township did not comply with his request, Plaintiff filed a grievance

i

seeking his test scores and grades, which was denied because test scores had not been provided in accordance with the "past practice" in the Township and that the collective bargaining agreement does not apply to outside entities, such as the NJSACOP. Critically, this Court need not wade into whether there is truth to any of these factual allegations. Instead, even giving all factual inferences to the Plaintiff reveals that his Complaint still fails to allege a claim on which relief can be granted as against NJSACOP and Chief Nally at all, in violation of the frivolous pleading provisions of the Federal Rules of Civil Procedure.

It is clear from the Complaint that Plaintiff's dispute is with his employer and his union, and not the NJSACOP nor its employee Chief Nally, as no unlawful conduct has been alleged against either. In fact, Chief Nally is not mentioned once in the entire Complaint besides being defined as a party. Similarly, the NJSACOP is only mentioned in the "Factual Allegations Common to All Counts," the portion of the Complaint which sets the factual foundation for the claims it asserts, beyond a quote from the Township in its grievance response having nothing to do with any substantive legal claim by Plaintiff. NJSACOP is merely mentioned in the factual background of Count I -- in reference to its contract with the Township -- but no allegation is made against it. The only other mention of NJSACOP in the Complaint comes in Count VI wherein Plaintiff alleges there was a "Conspiracy," but the

Complaint does not cite to any statute or regulation, or otherwise allege that the NJSACOP itself actually violated any law(s).

It is undisputable that NJSACOP is merely an outside vendor retained by Plaintiff's employer to allow the employer access to an examination NJSACOP developed. Plaintiff does nor plead any substantive allegation against either NJSACOP or Chief Nally linked to action or inaction related to any legal claim. The potential for a downstream request for discovery is not a proper basis for maintaining unidentifiable claims against NJSACOP and Chief Nally as named party defendants. For all of the reasons set forth herein, the Complaint as against NJSACOP and Chief Nally should be dismissed with prejudice.

7494286

# **TABLE OF CONTENTS**

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................i

TABLE OF AUTHORITIES ................................................................. v

STATEMENT OF FACTS .................................................................1

LEGAL ARGUMENT.................................................................6

    I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) FOR FAILURE TO SET FORTH A COGNIZABLE CLAIM AGAINST EITHER THE NJSACOP OR CHIEF NALLY ...................................6

    II.    NJSACOP AND CHIEF NALLY REQUEST LEAVE TO FILE AN APPLICATION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 DUE TO THE FRIVOLITY OF PLAINTIFF'S COMPLAINT.................................12

CONCLUSION.................................................................15

7494286

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................5, 6, 7, 8, 10, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................5, 6, 7, 8, 10, 11

*Craig v. Suburban Cablevision*, 140 N.J. 623 (1995) .................................................1

*Doe v. Univ. of Scis.*, 961 F.3d 203 (3d Cir. 2020)......................................................2

*Essex Ins. Co. v. Miles*, 2010 WL 5069871 (E.D. Pa. Dec. 3, 2010) ........................8

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir.
    1997) ......................................................................................................................2, 10

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d at  216 (3d Cir.
    2002) ....................................................................................................................10, 12

*James v. City of Wilkes-Barre*, 700 F.3d 675 (3d Cir. 2012) ....................................7

*Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (3d Cir. 1986)...............................13

*McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263 (3d Cir. 2016) ................11

*Monroe v. Beard*, 536 F.3d 198 (3d Cir. 2008) ..........................................................7

*Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902 (3d Cir. 1997)...........................10

*Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892 (3d Cir. 2021) ..................................7

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010) .....................................7

*Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) ............................1

## FEDERAL RULES

F.R.C.P. 8(a)(2) ...............................................................................................7, 8, 10

F.R.C.P. 11 ...................................................................................5, 12, 13, 14, 15

F.R.C.P. 11(b) .......................................................................................................13

F.R.C.P. 12(b)(6)..................................................................................................i, 6, 7

F.R.C.P. 20 .............................................................................................................5

## **STATEMENT OF FACTS**[1]

Plaintiff Thomas Leary is a resident of New Jersey employed as an officer of the Egg Harbor Township Police Department. *See* Plaintiff's Complaint ("Compl."), ECF No. 1, ¶1. Plaintiff also is a member of the mainland Local PBA #77 policemen's union. *Id*. In September 2022, Plaintiff participated in the promotional process seeking a Sergeant position within the Egg Harbor Township Police Department. *Id*. at ¶31. After completing the written and oral portions of the promotional examination, Plaintiff was provided with his numeric test scores for same. *Id*. at ¶32-34. Dissatisfied with receiving only his numeric scores, Plaintiff embarked on a campaign of unsuccessful Grievances in an effort to gain access to the actual underlying tests themselves. *Id* at ¶37-52.

The NJSACOP is a private entity, unaffiliated with Egg Harbor Township or its Police Department, which entered into two contracts with Egg Harbor Township for the specific and limited purpose of administering to the Township's Sergeant candidates the promotional examinations developed by NJSACOP -- a Written Examination for Promotion Agreement and an Oral Examination for Promotion

---

[1] The facts, taken directly from Plaintiff's Complaint, shall be considered true for purposes of this motion only. *See Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Craig v. Suburban Cablevision*, 140 N.J. 623, 625-26 (1995) (citation omitted). NJSACOP and Chief Nally reserve the right to contest the truth of each and every allegation (factual or otherwise) contained in the Complaint should this motion be denied.

1

Agreement. *See* Exhibit "A" to Certification of Vito A. Gagliardi, Jr. (hereinafter "Gagliardi Cert.").[2]

The Written Examination for Promotion Agreement describes the limited scope of NJSACOP's contractual relationship with Egg Harbor Township, providing:

> **1. Services.** Subject to the terms and conditions hereinafter set forth, the Association agrees to conduct Written Examinations for the position of Police <u>Sergeant</u>. The examination shall be administered by one (1) Examiner. An additional Examiner shall be used if the number of candidates exceeds twenty (20). The Association shall provide the Municipality with a percentile score for each examinee. It is expressly understood by the parties that no examinee or other person, except for duly authorized examiners, shall be permitted to take an examination or enter the examination room with a firearm on his or her person or in his or her possession.

*Id.* at p. 1. The Oral Examination for Promotion Agreement contains a similar provision:

> **1. Services.** Subject to the terms and conditions hereinafter set forth, the Association agrees to conduct Oral Examinations for the position of <u>Sergeant</u>. The examination shall be administered by a panel of three (3) Examiners. The Association shall provide the Municipality with a percentile score for each examinee. It is expressly understood by the parties that no examinee or other person, except for duly authorized examiners, shall be permitted to take an examination or enter the examination room with a firearm on his or her person or in his or her possession.

*Id.* at p. 4. NJSACOP's involvement with the municipalities who choose to utilize the promotional examinations it develops (such as Egg Harbor Township) is limited

---

[2] Because the Agreements are integral to Plaintiff's Complaint and explicitly referenced therein, *see* Compl. ¶¶5, 80-82, the Court may consider them to decide the instant motion to dismiss. *See Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) ("a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks omitted).

2

to providing the standardized assessment and sharing the results with the municipality. *See id*. Nothing in either Agreement gives NJSACOP any authority over promotional decisions of Egg Harbor by virtue of electing to utilize the NJSACOP-developed Promotional Examinations, nor do the Agreements take from the Egg Harbor its complete discretion to do what it so desires with the results of the examination. *See id*.

Additionally, because officers throughout the State share information in preparation for the promotional examination and the promotional examinations take place on different dates, in order to avoid situations where officers from other departments may gain a competitive advantage by obtaining a copy of the test, the Agreements do not permit the release of its examination's questions and scenarios. *See id*. at p. 1, 4. Specifically, the Agreements provide:

> **2. Confidentiality.** All written score sheets and other documentation utilized by the Association in the course of administering, conducting, and scoring the Written Examination shall be deemed confidential and constitute the sole property of the Association. The Association shall be under no obligation to release these materials to the Municipality.

> **2. Confidentiality.** All oral score sheets and other documentation utilized by the Association in the course of administering, conducting, and scoring the Oral Examination shall be deemed confidential and constitute the sole property of the Association. The Association shall be under no obligation to release these materials to the Municipality.

*Id*. at p. 1, 4.

On July 30, 2023, Plaintiff filed the instant Complaint against his employer, the Egg Harbor Township Police Department, Egg Harbor Township, and his Union,

3

Mainland Local PBA #77, along with NJSACOP and Chief Nally, and the State of New Jersey, among other individuals related to those defendants.[3] *See* Compl., ¶2-11.

The Complaint consists of 139 numbered paragraphs. *See* Compl. <u>The Complaint does not mention Chief Nally once</u> beyond describing him in "The Parties" section at the top of the Complaint. *See* Compl., 8. The NJSACOP is not mentioned anywhere in the "Factual Allegations Common to All Counts," beyond a quote from the Township in its grievance response. *See* Compl., ¶45. The Complaint mentions NJSACOP in a factual nature in Count I (Breach of Contract), with reference made as to the Township and Defendant Hughes signing a contract with the NJSACOP, *but no actual, specific allegations made against the NJSACOP*. *See* Compl., ¶80-86. The Complaint also mentions NJSCOP in Count VI (Conspiracy), but again fails to make any specific allegation against the NJSACOP, and without citing to any statute or regulation, or otherwise alleging that the NJSACOP violated any laws. *See* Compl., ¶125-129.

On September 12, 2023, NJSACOP and Chief Nally sent Plaintiff a demand to voluntarily dismiss the Complaint against them due to its factual and legal

---

[3] Specifically, Plaintiff also sued the following individual defendants: Michael Hughes, the then-Chief of the Egg Harbor Police Department, Jeffrey Lancaster, the President of Mainland Local PBA #77, Reynold Theriault, Mainland Local PBA#77's Business Agent, Donna L. Markulic, the then-Township Administrator for Egg Harbor. *See* Compl., ¶7, 9-11.

frivolity. *See* Gagliardi Cert., Exhibit "B." The demand advised Plaintiff that sanctions would be sought pursuant to Federal Rule of Civil Procedure 11 in the event Plaintiff failed to dismiss the frivolous claims within 28 days. *Id*. On the 28th day,  Plaintiff responded to the demand for voluntary dismissal. *See* Gagliardi Cert., Exhibit "C." Plaintiff refused to dismiss the Complaint as against NJSACOP and Chief Nally, offering four "specifics" as to why. *See id*. The only of these "specifics" which refers to facts is the first, which states "our [counsel's] understanding differs" regarding the incontrovertible contractual relationship between NJSACOP as a service provider to Egg Harbor and Plaintiff's counsel's unsupported assertion of the "intertwined nature of the NJSACOP's role with the Township's promotional processes." *Id*. Plaintiff's response offers no concrete facts, only counsel's understanding. *See id*. The remaining other three of the four "specifics" offered by Plaintiff refer not to any demonstrable facts but rather to the legal standard of *Twombly*,[4] the tenets of Federal Rule of Civil Procedure 20, and the application of *Iqbal*.[5] *Id*.

---

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7494286

## LEGAL ARGUMENT

**I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) FOR FAILURE TO SET FORTH A COGNIZABLE CLAIM AGAINST EITHER THE NJSACOP OR CHIEF NALLY.**

The Court should dismiss the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because not only do the factual allegations do not establish a cause of action against NJSACOP or Chief Nally. Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint when a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 570). A claim is plausible only where it pleads facts that allow the Court to reasonably draw the inference that defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Obviously this cannot occur if there simply are no factual allegations, which is the case with respect to Chief Nally and NJSACOP. Indeed, where there is an absence of sufficient facts alleged to support the legal theory claimed by the plaintiff or the absence of a supportable legal theory in a complaint, a motion to dismiss should be granted.  *Twombly*, 550 U.S. at 556-57. Moreover, although the federal pleading

6

standard requires courts evaluating a motion to dismiss under F.R.C.P. 12(b)(6) to accept as true all factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *See Twombly,* 550 U.S. at 555.

The Third Circuit employs a three-pronged analysis under Rule 12(b)(6). *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021). First, the elements a plaintiff must plead to state a claim are noted. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal*, 556 U.S. at 675). Second, the court identifies allegations that "are not entitled to the assumption of truth" because those allegations are "recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012). Next, the court assumes as true only well-pleaded factual allegations and "reasonable inferences that can be drawn from those allegations." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). The court then determines if those well-pleaded, plausible facts and reasonable inferences constitute a supportable legal theory.

Such analysis in the instant action reveals that Plaintiff cannot possibly sustain the Complaint as against Chief Nally and NJSACOP because, quite simply, the Complaint lacks the presence of even the most basic facts to meet the particularity pleading requirement embedded in Federal Rules of Civil Procedure. Rule 8(a)(2) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

7

claim is and the grounds upon which it rests." *See Twombly,* 550 U.S. at (*citing* Fed. R. Civ. Proc. 8(a)(2)). In explaining the practical meaning of Rule 8(a)(2), the United States Supreme Court has articulated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly,* 550 U.S. at 555 (internal quotations omitted). In the instant case, even assuming the truth of every factual allegation set forth in Plaintiff's complaint, Plaintiff does not state a cognizable claim under any of the legal theories alleged. Instead, Plaintiff lists the boilerplate elements of the respective claims, using buzz words amounting to talismanic invocations of their central elements, but without ever alleging that NJSACOP or Chief Nally, in particular, actually did anything. *See Essex Ins. Co. v. Miles,* 2010 WL 5069871, at *3 (E.D. Pa. Dec. 3, 2010) (quoting *Iqbal*, 556 U.S. at 679) (complaint cannot be merely a "formulaic recitation of the elements of a cause of action").

Specifically, Plaintiff pleads the following Counts:

- Count I, breach of contract;
- Count II, breach of covenant of good faith and fair dealing;
- Count III, breach of the duty of fair representation under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c) and (e) and the Employer-Employee Relations Act, N.J.S.A. 34:13A-5.4 and 5.3;
- Count IV, intentional infliction of emotional distress;
- Count V, hostile work environment/retaliation;
- Count VI, conspiracy.

The analysis with respect to the allegations in Complaint against Chief Nally is rather straightforward -- there simply are none. Indeed, across the Complaint's 139 numbered paragraphs Chief Nally's name appears <u>once</u>, when the Complaint describes him in "The Parties" section at the top of the Complaint. *See* Compl., 8. Plaintiff cannot possibly sustain a Complaint against Chief Nally without alleging that he did anything.

While NJSACOP is mentioned a few more times than is Chief Nally, the Complaint similarly fails to actually allege any facts to indicate NJSACOP did (or failed to do) anything remotely cognizable as a claim under any of the legal theories alleged. Tellingly, NJSACOP is not mentioned anywhere in the "Factual Allegations Common to All Counts" (the portion of the Complaint stage for the true essence of the Complaint, Plaintiff's dispute with his employer and union), beyond a quote from the Township in its grievance response. *See* Compl., ¶45. Beyond this, the Complaint mentions NJSACOP in a factual nature in Count I (Breach of Contract), with reference made as to the Township and Defendant Hughes signing a contract with the NJSACOP, *but no actual, specific <u>allegations</u> made against the NJSACOP*. *See* Compl., ¶80-86. The Complaint also mentions NJSACOP in Count VI (Conspiracy), but again fails to make any specific allegation against the NJSACOP, and without citing to any statute or regulation, or otherwise alleging that the NJSACOP violated any laws. *See* Compl., ¶125-129.

7494286

While the Complaint states the *legal elements* of Plaintiff's various claims, it offers no specific substantive *factual allegations* to support any claim against Chief Nally or NJSACOP. This is not enough to survive this motion because a "complaint must allege more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Twombly*, 550 U.S. at 555. A plaintiff must establish each element of its claims through factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* District courts should dismiss complaints when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (*citing* Fed. R. Civ. P. 8(a)(2)). Thus, even affording Plaintiff every indulgence for purposes of this motion, his bald assertions cannot constitute ample notice to NJSACOP or Chief Nally of the precise misconduct with which they are charged, *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997), because "'boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible'." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d at 216 (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).

The Complaint's fatal failure to make factual allegations as against Chief Nally and NJSACOP is not remediable given the nature of the relief sought and their underpinning factual narratives as plead by Plaintiff.  In particular, Counts I and II

10

fail because neither NJSACOP nor Chief Nally were parties to or in privity with Plaintiff with respect to any contract. Counts III and V fail because they are predicated upon the existence of an employment relationship which does not exist between Plaintiff and NJSACOP or Chief Nally. Neither NJSACOP nor Chief Nally were Plaintiff's employer. Again, this demonstrates that the true crux of the Complaint is a private employment dispute between employee and employer, to which an unrelated vendor to the employer cannot and should not be a party. Count IV fails because it is predicated on Plaintiff's lack of promotion, a decision in which neither NJSACOP or Chief Nally had any part. Finally, Count VI fails because Plaintiff does not even identify what type of "conspiracy" or what legal theory he purports to assert to be a "conspiracy" within this Count. This is fatal to Plaintiff's claims against NJSACOP. A plausible claim demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).  It is not enough for Plaintiff to invoke the specter of some nebulous, undefined "conspiracy" to defeat this motion, or to sustain this claim against NJSACOP or Chief Nally. Such "information and belief" pleading is impermissible. *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016) (holding that pleading upon information and belief is permissible if plaintiffs accompany their legal theory with factual allegations that make their

theoretically viable claim plausible); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

In sum, while the Complaint makes out the legal elements of Plaintiff's claims, it is completely devoid of any substantive factual allegations linking those claims to either NJSACOP or Chief Nally. As a result, Plaintiff fails to state any plausible claim for relief against NJSACOP and Chief Nally. Plaintiff's Complaint must be dismissed accordingly.

## II.   NJSACOP AND CHIEF NALLY REQUEST LEAVE TO FILE AN APPLICATION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 DUE TO THE FRIVOLITY OF PLAINTIFF'S COMPLAINT.

Separate and apart from the fact that Plaintiff's claims are insufficient to defeat the instant motion to dismiss based on failure to state a claim is that they are frivolous and resultantly entitle NJSACOP and Chief Nally to recuperate fees necessarily expended in defending against them. Federal Rule of Civil Procedure 11 provides that "by presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

12

3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Fed. R. Civ. Pro. 11(b)

If a party violates Rule 11 -- such as by continuing to litigate against a party against whom recovery cannot be had, like Plaintiff does here -- then they are subject to sanctions under subsection (c), including attorney's fees. The explicit language of Rule 11 specifically obliges a plaintiff's attorney to certify that plaintiff's position has merit, or to withdraw same when it becomes clear that the action is frivolous. Based on the complete lack of allegation against NJSACOP and Chief Nally in the Complaint, that time has unquestionably arrived.

Rule 11 specifically is intended to "discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith*." Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir. 1986). Plainly, Plaintiffs' claims against NJSACOP and Chief Nally are "frivolous, legally unreasonable [and] without factual foundation." Indeed, upon a review of the Complaint, it appears the *gravamen* of Plaintiff's allegations are that following the conclusion of his promotional examination, Plaintiff advised the Township that he wanted to see his own test and grades. This has nothing to do with Chief Nally or NJSACOP -- NJSACOP merely develops the promotional

13

7494286

examinations, it has no hand whatsoever in anything beyond that. Plaintiff's bald supposition that there must be some sort of conspiracy because NJSACOP created -- not administered -- the test he took is the definition of frivolous.

As detailed herein, there simply are no facts or allegations specifically against Chief Nally, nor are there any allegations that the NJSACOP, as an outside private entity, did or did not do anything that violated any law. For these reasons, it appears no reasonable inquiry was made before naming either party. Clearly, Rule 11 requires a more thorough inquiry prior to filing legal proceedings against an individual or company, who now must expend substantial funds defending against such frivolous litigation.

Based on the facts as outlined above, it is untenable to maintain that NJSACOP or Chief Nally are somehow liable for Plaintiffs' purported injuries as claimed in the Complaint. Instead, based on the foregoing, it is clear that Chief Nally and NJSACOP have been improperly identified by Plaintiffs as tortfeasors causing his alleged injuries, despite being, at most, interested non-parties subject to eventual discovery as litigation progresses -- not legally liable under the Complaint under any theory alleged and factually unsupported. Even after these deficiencies and key facts were explained to counsel for Plaintiff, they refused to yield in any way. *See* Gagliardi Cert., Exhibit "C."

Accordingly, for the reasons set forth herein, NJSACOP and Chief Nally request leave to file an application for sanctions to be made pursuant to Rule 11.

## <u>CONCLUSION</u>

In light of the foregoing, Defendants New Jersey State Association of Chiefs of Police and William Nally respectfully request that this court grant its motion to dismiss Plaintiff's complaint for failure to state a claim, and dismiss the Plaintiff's complaint, with prejudice, in its entirety.

**PORZIO, BROMBERG & NEWMAN, P.C.**
Attorneys for Defendants New Jersey State Association of Chiefs of Police and William Nally

_____
Vito A. Gagliardi, Jr.

Dated: October 23, 2023

15