Phyllis Widman, Esquire (I.D.# 004861999)
**WIDMAN LAW FIRM, LLC**
2000 Shore Road, Suite 201
Linwood, New Jersey 08221
TEL: (609) 848-5692  FAX: (609) 788-4527
pwidman@widmanlawfirm.com
*Attorney for Plaintiff, Officer Christopher Leary*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER LEARY,<br><br>               Plaintiff,<br><br>    v.<br><br>EGG HARBOR TOWNSHIP POLICE DEPARTMENT, THE TOWNSHIP OF EGG HARBOR, MAINLAND LOCAL PBA #77, NEW JERSEY STATE ASSOCIATION OF CHIEFS OF POLICE, STATE OF NEW JERSEY, MICHAEL HUGHES, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, WILLIAM NALLY, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, JEFFERY LANCASTER, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, REYNOLD THERIAULT, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW DONNA L. MARKULIC, INDIVIDUALLY AND ACTING UNDER COLOR OF LAW, JOHN AND JANE DOES 1-10, ABC CORPORATIONS, AND XYZ STATE ENTITIES.<br><br>               Defendants. | **MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br><br><br><br><br>Civil Action No.:<br>1:23-cv-04070-JHR-SAK |

*BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR  LEAVE TO AMEND HIS COMPLAINT*

1

## STATEMENT OF FACTS

Plaintiff, a police officer, filed his original complaint on July 30, 2023, alleging among other things, that his employer, Union and the promotional testing company have conspired to intentionally promote some officers and cause other officers, such as Plaintiff, to fail to be promoted.  The original complaint contains the following Counts:  Count I - Breach of Contract, Count II - Breach of Covenant of Good Faith and Fair Dealing, Count III - Breach of Duty of Fair Representation under the New Jersey Civil Rights Act and the EERA, Count IV - IIED, Count V - Hostile Work Environment/Retaliation, Count VI - Conspiracy, Count VII - Breach of Collective Bargaining Agreement, Count VIII - Failure to Promote under NJCRA, Count IX - Breach of Duty of Fair Representation under the NJCRA, and Count X - Violation of Civil Rights under §1983.

On October 5, 2023, Defendants Lancaster, Theriault, and PBA Mainland Local 77 filed a Motion to Dismiss for Failure to State a Claim. The movants generally argue that Plaintiff's complaint lacked specificity with regard to those Defendants and that the PERC (the State administrative agency for union matters) has exclusive jurisdiction, and not the Court.  They further argue that Plaintiff's other claims should be dismissed, as well.

Plaintiff's proposed amendment complaint (**Attached as Ex. 1**) is not futile, prejudicial, or made in bad faith. Rather, it is based on clarifying facts in response

to Defendants' Exhibits they submitted with their companion Motion to Dismiss Complaint. Such a request by a Plaintiff, such as in this case, can be freely given when not brought in bad faith.  See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (stating that leave to amend should be freely given unless there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility).

## **LEGAL ARGUMENT**

**I.     BECAUSE THE COURT DID NOT YET MAKE A PRETRIAL SCHEDULING ORDER REGARDING A DEADLINE TO FILE AMENDED PLEADINGS, THE MORE LIBERAL STANDARDS OF RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE SHOULD APPLY**

Rule 15 of the *Federal Rules of Civil Procedure* ("FRCP") states in pertinent part that,

> "A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Thus, in the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once "as a matter of course" without leave of court. *See* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[5], at 12-76 (3d ed.1999) (quoting Fed.R.Civ.P. 15(a)). After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) *("Burlington");* Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993).  In the present case, Plaintiff's request for Leave to Amend does not cause undue delay and is not in bad faith. Further, Defendants are not prejudiced in any way by Plaintiff clarifying his complaint.

When Plaintiffs are faced with a dismissal of their complaint, the Shane Court has given deference to Plaintiffs, stating, "[W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate. Shane v. Fauver, 213 F.3d 113, 116 (3rd Cir. 2000).

Further, leave to amend a pleading under Rule 15 is to be granted freely and with "extreme liberality."   Plaintiff contends that, because justice requires his proposed amendment, the burden shifts to Defendant to convince the court why justice requires denial of leave to amend. See Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989).

A copy of Plaintiff's proposed first amended complaint is attached as Exhibit "1" to the Certification of Phyllis Widman, Esq. attached hereto and incorporated herein by reference.

**II.      THE PROPOSED FIRST AMENDED COMPLAINT CLARIFIES THE ITEMS THAT WERE DETAILED IN THE ORIGINAL COMPLAINT, AND THE CLAIMS RELATE BACK TO THE ORIGINAL COMPLAINT.  IN ADDITION, PLAINTIFF PROPOSES TO ADD THE NEW COUNT FOR DECLARATORY JUDGMENT BASED ON DEFENDANTS' OWN ADMISSIONS**

Plaintiff contends that his proposed amended complaint clarifies the items that were detailed in the original complaint, and that such clarification will in fact allow counsel for Defendants more details on all claims already asserted against Defendants.

The claims in the first complaint relate back to the original complaint because they assert claims arising out of the conduct, transactions and occurrences that were set out, or attempted to be set out in the original complaint.  See FRCP Rule 15[c](1)(B), which states:

"(c) Relation Back of Amendments.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

**(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;..."**

Additionally, Plaintiff respectfully requests to add a Count to the Amended Complaint for a Declaratory Judgment. There are several emails between co-Defendants in this matter that are clear admissions of liability on the part of Defendants. Thus, Plaintiff includes in his proposed Amended Complaint, a Declaratory Judgment Count.

Plaintiff seeks to have the Court declare that Plaintiff's Breach of Contract, and all other related claims, warrant a judgment that Defendants breached the collective bargaining agreement ("CBA") based on Defendants' repeated admissions of liability as set forth in the emails between the parties obtained via the OPRA request and are likewise admissions within business records. These emails are attached as Plaintiff's **(Ex. 4).**

The emails quite clearly admit liability. For example, Defendant, Ray Theriault, writes in an email to Plaintiff at the end of paragraph three, "We understand that the fact you didn't get to see your test **which is a clear violation of the contract and will be rectified**." **(Ex. 4).** Also PBA Business Agent Theriault wrote, "Given the legal advice we received from our attorney, it is the opinion of the association that if you wish to proceed to arbitration, we will do so." **(Ex. 5)**

However, Mr. Theriault refused to go to arbitration on behalf of Plaintiff. Mr. Theriault continued on to say that unless Plaintiff has proof of some type of wrongdoing, "mere allegations of favoritism will not be persuasive in an

arbitration."(Ex. 5). The Union's refusal to go to arbitration is central in Plaintiff's Complaint and Counts related to conspiracy, hostile work environment and breach of Duty of Fair Representation (among the other related counts).

In further support of Plaintiff's request to amend his Complaint to add the Declaratory Judgment count, is an email excerpt wherein Defendant, Donna Markulic, Township Administrator, stated on page 5 of her denial of Plaintiff's grievance, that "As a Township representative, I would like to see a process that would identify the best candidate to receive promotion and establish a promotional process that will not result in grievances, lawsuits or allegations of favoritism or discrimination." **(Ex. 6, Pg. 5)**. As Ms. Markulic states in her decision, she feels "the remedy of the grievances can only be accomplished by a change in the contractual language." **(Ex. 6, Pg. 5).**

In another email from Defendant, Theriault to Defendant, Markulic, Defendant Theriault states, "the PBA wishes to settle and dismiss the pending grievances regarding the promotional process whereby members were unable to see their tests after they were scored….We do not wish to address any issues with the current list or those already promoted." **(Ex. 6, Pg.5)**.  Again, Defendants admit the Breach of Contract and offer absolutely no remedy to Plaintiff because doing so, Defendants fear, would result in lawsuits against them by other promoted

officers.   Thus, again, Defendants breach the contract and offer no remedy for Plaintiff.

Moreover, the Union Attorney clarifies the breach of contract.  In a letter written by Union Attorney Christopher Gray, he wrote to Plaintiff and Sergeant Ernest Dunson, stating, "***At this point the Township is admitting that they cannot comply with the contractual provision*** based upon the use of outside vender the New Jersey State Chiefs of Police Association to conduct the promotional testing….there is no additional remedy to this contractual violation." **(Ex. 7, Pg.1)**.

Another email by Plaintiff wherein Plaintiff requests the minutes from an Executive Board meeting that may or may not have been conducted. Unfortunately for Plaintiff, it appears that the meeting may have been secretive and/or there were simply no minutes evidencing the discussions that took place in the meeting.  That email shows Plaintiff attempting to proceed to the next step of his grievance, but instead it appears that Plaintiff was denied access to what might have been a meeting.

Despite the Plaintiff's diligent and good faith efforts to convene a meeting with the Defendants for the express purpose of reviewing the pertinent test scores, the Defendants did not make a genuine attempt. This consistent pattern of avoidance is not confined to interactions with the Plaintiff alone. Affidavits attached hereto, which we incorporate by reference, further attest to the

Defendants' overt reluctance and refusal to rectify the same issues, showing a pattern of behavior that raises serious concerns about the Defendants' motives. **(Ex. 2 and Ex. 3).**

Therefore, Plaintiff respectfully requests to amend the relevant Counts of his complaint for clarification.

Plaintiff has incorporated many of the within facts pertaining to the Declaratory Judgment Count in his proposed Amended Complaint and requests the Court's awareness that his redundancy is unintentional.

## <u>CONCLUSION</u>

Defendant will not suffer any undue prejudice from plaintiff's amendment. The discovery period has not yet begun and no trial date has been set. Moreover, Defendants were aware of their own conduct and cannot claim surprise or unfair advantage. See <u>Zenith Radio Corp. v. Hazeltine Research Inc</u>., 401 U.S. 321, 330 (1971) (holding that prejudice must be shown by the party opposing amendment).

The case is still in its infancy. The parties have not yet even had their initial conference with the Court, which is scheduled for October 31, 2023.  The joint discovery plan is due on October 24, 2023.  There was no undue delay in the filing of the within motion. Since the filing of the complaint, the parties met and conferred telephonically wherein the parties loosely discussed the possibility of

discussing settlement.  The parties subsequently attended a settlement discussion that lasted a few hours, which did not result in a settlement.  Plaintiff then responded to Defendants' motion to dismiss and in doing so, he has concurrently requested Leave to Amend his complaint for clarity. There is no bad faith or intention to cause delay.

For the foregoing reasons, Plaintiff requests that the Court GRANT his motion for leave to amend his complaint against Defendants.

Respectfully submitted,
WIDMAN LAW FIRM, LLC

*/s/Phyllis Widman*

Dated: October 22, 2023          Phyllis Widman

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: **ADDRESS OF PERSON SERVING PAPERS.**

On _____ I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF _____; EXHIBITS** to the following parties:

**NAME AND ADDRESS OF ATTORNEY FOR OTHER PARTY OR OTHER PARTY**

[X] (By U.S. Mail) I deposited such envelope in the mail at _____, California with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at _____, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[  ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATED: _____

/S/ Phyllis Widman_____

SIGNATURE OF PERSON SERVING PAPERS